# In the United States Court of Federal Claims

No. 08-842C

Filed: August 21, 2009

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| EDWARD DON ALVERSON, DELIA E. BANCHS, RODERICK W. CHANDLER, DAVID BYRON GOODRICH, CAROLINE FAYE HOELSCHER-KOSEL, VICKI LYNN MAXWELL, DANIEL ODELL REED, ERNEST FRANCS RAIKOWSKI, AND FRANK W. STRANSKY,  *  *  *  * | |
| Plaintiffs,   * | Equal Pay Act, 29 U.S.C. § 206(d); gender-based wage discrimination; "within the class of plaintiffs entitled to recover under the money-mandating source"; gender-mixed class. |
| v.   * | |
| UNITED STATES OF AMERICA,   * | |
| Defendant.   * | |

\* \* \* \* \* \* \* \* \*

*Royce Cullar*, Washington, DC for plaintiff.

*Douglas Edelschick*, Trial Attorney, Department of Justice, Commercial Litigation Branch, Civil Division; *Patricia McCarthy*, Assistant Director; *Jeanne Davidson*, Director; *Michael Hertz*, Acting Assistant Attorney General for defendant. *Janet Harford*, Department of Veterans Affairs, of counsel.

**OPINION**

HODGES, Judge.

Plaintiffs are a group of predominantly and historically male physician assistants who are paid at a rate lower than predominantly and historically female nurse

1

practitioners at the Department of Veterans Affairs in Central Texas.[1]  They filed suit against the United States alleging gender discrimination under the Equal Pay Act, 29 U.S.C. § 206(d) (2006).  Plaintiffs seek lost wages and other damages and relief.

The Government filed a motion to dismiss plaintiffs' allegations for lack of subject matter jurisdiction or, in the alternative, for summary judgment.  Plaintiffs have established *prima facie* elements of an Equal Pay Act claim, however.  We deny defendant's motion.

## BACKGROUND

Physician assistants and nurse practitioners have substantially equal duties at the VA in Central Texas, and the jobs involve similar skill, effort, and responsibility.  The positions are referred to by the Department of Veterans Affairs as "physician extenders"; when a position for physician extender is open, the VA advertises that it may be filled by a nurse practitioner or a physician assistant.

Six men and three women physician assistants are named plaintiffs in this case.  For purposes of this motion, we accept plaintiffs' contention that physician assistants, the lower-paid category of physician extenders, is eighty percent male and twenty percent female; the higher-paid category of nurse practitioners is ten percent male and ninety percent female.

## DISCUSSION

A.  Subject Matter Jurisdiction

This court has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . not sounding in tort."  28 U.S.C. § 1491(a)(1) (2006).  To survive a challenge to jurisdiction in this court, plaintiffs must show that their "claim is founded upon a money-mandating source and [they have] made a nonfrivolous allegation that [they are] within the class of plaintiffs entitled to recover under the money-mandating source."  *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1309 (Fed. Cir. 2007).  The Equal Pay Act is such a statute.  *Mansfield v. United States*, 71 Fed. Cl. 687, 692 (2006)

---

[1] We accept the allegations of plaintiffs' Complaint as true for the purposes of this motion.

Congress enacted the Equal Pay Act in 1963 to prevent gender-based wage discrimination. The Act states,

> [n]o employer . . . shall discriminate, . . . between employees on the basis of sex by paying wages . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to . . . (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

29 U.S.C. § 206(d)(1).

Defendant argues that the Equal Pay Act does not apply because physician assistants and nurse practitioners include men and women. Because plaintiffs' group of physician assistants is gender-mixed, they are not "within the class of plaintiffs entitled to recover" under the Equal Pay Act. Def.'s Mot. to Dismiss 6 (citing *Jan's Helicopter*, 525 F.3d at 1309).

This court recently addressed defendant's argument and concluded that gender composition of plaintiffs in an Equal Pay Act case should be viewed as a merits issue rather than as a jurisdictional issue. *Yant v. United States*, 85 Fed. Cl. 264, 269-70 (2009). Plaintiffs' Complaint alleges discrimination against a group composed of eighty percent male physician assistants, in favor of a higher-paid group that is ninety percent female. We agree with the *Yant* holding. Plaintiffs claims are not frivolous. *See Jan's Helicopter*, 525 F.3d at 1309 ("Because appellants' complaints contain nonfrivolous allegations that they fall within a protected class under the Fifth Amendment, the Court of Federal Claims has jurisdiction to consider those complaints under the Tucker Act."); *Yant*, 85 Fed. Cl. at 269-70.

### B. Summary Judgment

We grant a motion for summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." RCFC 56(c). The moving party has the burden to show "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). We view allegations of the Complaint in a light most favorable to plaintiffs for purposes of this motion. *O'Connor v. United States*, 308 F.3d 1233, 1240 (Fed. Cir. 2002). After the

moving party has met its burden, the non-movant "must proffer countering evidence sufficient to create a genuine issue of factual dispute." *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562 (Fed. Cir. 1987).

Plaintiffs must "show that an employer pays different wages to employees of opposite sexes for equal work on jobs . . . [that] require equal skill, effort, and responsibility, and which are performed under similar working conditions." *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). A showing of discriminatory intent is not necessary to establish a *prima facie* case under the Act. *Peters v. City of Shreveport*, 818 F.2d 1148, 1153 (5th Cir. 1987), *abrogated on other grounds*, *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989). Defendant has the burden of proof to show that the pay "differential is justified under one of the Act's four exceptions." *Corning Glass Works*, 417 U.S. at 196.

Defendant relies on its contention that the Equal Pay Act does not apply where the two groups being compared contain men and women. Indeed, legislative history shows that "[d]ifferences in pay between groups or categories of employees that contain both men and women within the group or category are not covered by this act." Rep. Goodell, 109 Cong. Rec. 9209 (1963). The Supreme Court rejected that notion, however, stating that Congress did not intend "[t]o permit [a] company to escape that [equal pay] obligation by agreeing to allow some women to work [in the male dominated position] at a higher rate of pay as vacancies occurred . . . ." *Corning Glass Works*, 417 U.S. at 208. The Supreme Court was concerned with the possibility of businesses engaging in token hiring to avoid a cause of action under the Equal Pay Act. *Id.*; *Beck-Wilson v. Principi*, 441 F.3d 353, 362 (6th Cir. 2006) (holding, "[t]he fact that a small minority of the . . . PAs are female and a small minority of NPs are male is not fatal to plaintiffs' EPA claims."); *see also Peters*, 818 F.2d at 1164.

A court must determine for itself whether a group is too gender-mixed to qualify for an Equal Pay Act claim. *See Hofmister v. Miss. State Dep't of Health*, 53 F. Supp. 2d 884, 892 (S.D. Miss. 1999) ("[A]fter a certain indefinable point, the integration within each of the classes compared becomes such that any wage differential is clearly based on a factor other than sex.") The point at which a group's gender diversity precludes it from recovering under the Act is a question of fact. *Yant*, 85 Fed. Cl. at 268.

The numbers in this case are not so clearly gender-mixed that recovery under the Act must be precluded as a matter of law. In *Yant*, the higher-paid category contained forty percent of the minority gender; here, the higher-paid category contains only ten percent of the minority gender. Percentages in the lower-paid category in this case are similar to those in *Yant*. The lower-paid group percentages are not sufficient to apply

4

*Yant* without factual review, particularly where a disparity exists in the higher-paid categories.[2]

## CONCLUSION

Plaintiffs allege (1) that the VA pays different wages to distinct groups for equal work; (2) that the groups comprise predominantly one gender; and (3) that the work requires equal skill, effort, and responsibility, performed under similar working conditions. These allegations establish a *prima facie* Equal Pay Act claim.

Defendant's motion to dismiss on jurisdictional grounds and for summary judgment is DENIED. Counsel will advise the court no later than September 14 whether they will conduct discovery leading to trial on the merits. If the parties wish to resolve this matter without further litigation, they may contact the court at any time for assistance.

        s/ Robert H. Hodges, Jr.
        Robert H. Hodges, Jr.
        Judge

---

[2] For example, the parties disagree on the number of men and women in the groups of physician assistants and nurse practitioners in the groups involved. Plaintiffs submitted employment figures as of August 3, 2007, asserting that four of the twenty-three lower-paid physician assistants were female (17.4%), and nineteen were male (82.6%) . Twenty-two of the higher-paid nurse practitioners were female (91.7%), and two were male (8.3%). Defendant submitted yearly figures from 2004 through 2008 and calculated the average percentage of women and men in each group. During December 2008, six of twenty-seven physician assistants were female (22.2%) and three of thirty nurse practitioners were male (10%).